# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 2:11cr0086** |
| **VERSUS** | * | **JUDGE HAIK** |
| **ANTWON TEEWON LEFLORE (1)**<br>**MYRON LEFLORE (3)** | * | **MAGISTRATE JUDGE HILL** |

## MEMORANDUM RULING

Both of these defendants, Antwon Leflore and Myron Leflore, are charged by indictment with six assimilated state crimes brought under 18 U.S.C.§ 13 as they were allegedly committed on a United States military installation at Fort Polk, La. In addition, they are both charged with one count of carrying a firearm during and in relation to a crime of violence a violation of 18 U.S.C. §924(c)(1). Antwon Leflore is also charged with possession of a firearm with an obliterated serial number in violation of 18 U.S.C. §922(k).[1]

The defendants are residents of South Carolina. Both were arrested there pursuant to warrants issued from the Western District of Louisiana.[2] Antwon Leflore was arrested on April 18, 2011 and brought before Magistrate Judge Hodges in the

---

[1]  Rec. Doc. 1

[2]  Rec. Docs. 6,9, 18 and 19.

Southern District of South Carolina for initial appearance in Rule 5(c)(3) proceedings on the same date.[3] Although it may be safe to assume, the record does not reflect whether the government moved for detention pursuant to the Bail Reform Act, 18 U.S.C. §3142 *et. seq*. The federal public defender's office was appointed to represent the defendant, he requested counsel in this district to represent him and, utilizing A.O. form 466A (Rev. 01/09), which is signed by defense counsel and the defendant, he waived his right to an identity hearing, production of the warrant and a detention hearing.[4] The last block on the form, which also contains waiver provisions, has an additional provision in which the defendant requests that "those hearings be held in the prosecuting district."[5] That block is not checked.

The defendant was retained in custody until his initial appearance in this district on Friday, May 6, 2011, at which time the government moved for detention and contended the defendant had waived his right to a detention hearing. The defendant nonetheless requested a detention hearing to which the government objected on the basis of waiver because the defendant did not check the block on the form requesting the detention hearing be held in this, the prosecuting, district.

Myron Leflore was arrested on April 25, 2011 and was brought before

---

[3] Rec. Doc. 18.

[4] Rec. Docs. 18-3, 18-6, 18-7, 18-8.

[5] Rec. Doc. 18-7. "Those hearings" are identified in the form as a preliminary hearing, identity hearing, production of the warrant and detention hearing.

Magistrate Judge Thomas E. Rogers, III, also of the Southern District of South Carolina, for his initial appearance in Rule 5(c)(3) proceedings on April 26, 2011.[6] The record reflects the government moved for detention.[7] The defendant requested and was appointed counsel, requested counsel be appointed in this district, and he too, executed a waiver of his right to an identity hearing, production of the warrant and a detention hearing.[8] However, he selected the last block on AO form 466A (Rev. 01/09) in which he requested these hearings "be held in the prosecuting district."[9] This defendant was retained in custody until the time of his initial appearance in this district on Friday, May 6, 2011 at which time the government moved for detention. The defendant requested a detention hearing. Without objection, the detention hearing was set before the undersigned for Tuesday, May 10, 2011.

At issue is whether the waiver executed by Antwon Leflore in the Rule 5(c)(3) proceedings, bars his right to a detention hearing in the prosecuting district. The Court finds that it does not and orders a detention hearing be held for Antwon Leflore on Tuesday, May 10, 2011.

The Bail Reform Act, 18 U.S.C. §3142 *et. seq.*, provides the statutory

---

[6] Rec. Doc. 19-1, 19-3.

[7] Rec. Doc. 19-3.

[8] Rec. Doc. 19-3, 19-6, 19-7, and 19-8.

[9] Rec. Doc. 19-7.

framework regarding a defendant's entitlement to a detention hearing. Section 3142(f) provides that when the Government moves for detention, "[T]he hearing shall be held immediately upon the person's first appearance before the judicial officer unless that person, or the government, seeks a continuance." This language implies that, in a removal context such as the instant case, if the government moves for detention, a detntion hearing should be held in the district of arrest. However, a number of courts and scholars had interpreted this provision such that the "first appearance before the judicial officer" was the first appearance in the *prosecuting* district.[10]

The Supreme Court, in *United States v. Montalvo-Murillo,* 495 U.S. 711, 110 S.Ct. 2072, 109 L.Ed.2d 720 (1990), held the failure to comply with the strict time requirements in §3142(f) and hold a hearing at the "first appearance before a judicial officer" did not warrant the release of a defendant nor did it operate to bar the government from seeking detention once the time limit had passed. In so holding, the Court stated:

> We find nothing in the statute to justify denying the Government an opportunity to prove that the person is dangerous or a risk of flight once the statutory time for hearing has passed.

*Id.*, 495 U.S. 721.

If the failure to comply with the "first appearance" requirement does not deprive

---

[10] See, *e.g., United States v. Havens,* 487 F. Supp.2d 335 (W.D.N.Y. 2007) and the cases/treatises, etc. cited therein.

the government of the opportunity to prove detention is warranted, because "a vital liberty interest is at stake" the defendant should have a similar opportunity to establish he is entitled to pre-trial release. *Id.,* 495 U.S. 716.

There can be little doubt that the right to a detention hearing can be waived just as fundamental constitutional rights are commonly waived in conjunction with guilty pleas. The question before this court is, assuming without deciding a knowing and voluntary waiver of a detention hearing in the district of prosecution was actually made by the defendant, as opposed to an inadvertent error of checking the "wrong box", may he now seek a detention hearing by revoking that waiver.

In the context of an argument that a detention hearing was an unwaivable right that must be held, at most, within five days of the initial appearance, an *en banc* panel of the Fourth Circuit in *United States v. Clark,* 865 F.2d 1433, 1437 (4th Cir. 1989) (*en banc*) held:

> Although a defendant may waive an *immediate* detention hearing, this waiver is not an absolute, final relinquishment of all rights under the Bail Reform Act. When a defendant who has waived an *immediate* detention hearing later requests a hearing, one must be held within the procedural requirements of section 3142. In this sense, Defendants' "waiver" of an immediate detention hearing can be viewed as a request for an indefinite continuance for good cause. (Emphasis added)

Given the historical recognition of a defendant's right to a detention hearing in the district of prosecution in removal cases, the jurisprudential recognition that strict compliance with the time requirements of the Bail Reform Act does not bar the

government from seeking a detention hearing, and therefore, the defendant should be accorded the same right even if he waived an *immediate* detention hearing in the district of arrest, the Court finds the government is not prejudiced by the defendant's decision to seek pre-trial release in this case and the timely request for a detention hearing in this district will be granted.

Signed this 10th day of May, 2011 at Lafayette, Louisiana.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)